# MAY, 1915.

WAPLES-PAINTER COMPANY v. J. W. ROSS ET AL.

No. 2408.    Decided May 5, 1915.

**Judgment—Garnishment—Injunction—Collateral Attack.**

A lot owner being indebted to a contractor for construction of a sidewalk, a creditor of the contractor garnisheed this debt in a suit in Justice Court, and over the plea of garnishee that others who had furnished the contractor with material had a lien liable to satisfaction out of this admitted debt to the contractor, obtained judgment against the garnishee, who did not appeal. The present action was then brought in the District Court by the materialmen, who had not been made parties to the garnishment proceeding in Justice Court, and who sued the lot owner for and obtained foreclosure of their liens, making the judgment plaintiff in the garnishment a party. The lot owner, by cross-action,

obtained against the latter an injunction restraining the enforcement of his judgment, in order not to be compelled to pay the same debt twice. Held:

1. That such injunction was erroneously granted. (P. 220.)

2. It was not a question of jurisdiction of the District Court, but of its power to grant such relief (or, in the view of Mr. Justice Hawkins, the propriety of its doing so). (Pp. 219, 220.)

3. By the failure of the garnishee to appeal from the Justice Court judgment to correct its error, that judgment became final and not subject to be reviewed or its enforcement restrained in this collateral proceeding. It did not conclude the lienholders, who were not parties. It did conclude the garnishee, who had unsuccessfully urged his defense there. (Pp. 219, 220.)

Error to the Court of Civil Appeals, Second District, in an appeal from Cooke County.

The Waples-Painter Co. obtained writ of error on the affirmance, on its appeal, of a judgment of the trial court enjoining it from enforcing a Justice Court judgment in its favor against Ross et al.

*Stuart, Bell & Moore,* for plaintiffs in error.—As the issue raised by defendants Ross was tried in Justice Court and judgment rendered against defendants Ross on said issue, and as defendants Ross did not appeal or attempt to appeal from said judgment to the County Court, defendants Ross were not entitled to an injunction herein restraining the collection of said judgment in said Justice Court, and the District Court erred in granting such injunction. G. H. & S. A. Ry. Co. v. Ware, 74 Texas, 47; T. M. Ry. Co. v. Wright, 88 Texas, 349; Beer v. Landman, 88 Texas, 457; Givens v. Delprat, 28 Texas Civ. App., 363, 67 S. W., 424; Sherman Steam Laundry Co. v. Carter, 24 Texas Civ. App., 533, 60 S. W., 328; Lightfoot v. Murphy, 104 S. W., 513.

As the judgment in the Justice Court was not void, the District Court had no jurisdiction to enjoin the same. Therefore, the trial court erred in restraining the collection of said judgment in said Justice Court. G. H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1; Clayton v. Hurt, 88 Texas, 599; G. C. & S. F. Ry. Co. v. Cleburne I. & C. St. Co., 37 Texas Civ. App., 334, 83 S. W., 1100.

As the amount of the debt owing to Peter Brunson by defendants Ross was within the jurisdiction of the Justice Court, said court had jurisdiction of the subject matter of said cause, and had the right to pass on any matter incidental to the cause of action in such Justice Court, although such incidental matter may have been outside of the jurisdiction of such court. Therefore, the District Court erred in holding that the judgment of said Justice Court, that plaintiffs were not entitled to a lien on said Lot No. 4, was not binding on defendants Ross. Melvin v. Chancy, 8 Texas Civ. App., 252, 28 S. W., 242; City of Victoria v. Schott, 9 Texas Civ. App., 332, 29 S. W., 681; Claunch v. Osborn, 23 S. W., 937; Espey v. Boone, 33 Texas Civ. App., 83, 75 S. W., 570.

*Davis & Davis, Davis & Thomason,* and *Gregory, Batts & Brooks,* for defendants in error.—No duty rests upon the garnished debtor other

than to make known the facts. When he has done so, it is then the duty of the creditor and the court to see that he is not subject to a double recovery. 20 Cyc., 1131; Levy v. Miller, 8 Am. St. Rep., 691, 38 Minn., 526.

The County Court by appeal could only acquire such jurisdiction as the Justice Court had and the County Court on appeal would have been as powerless to bar or shut out the claim of the lienholders as the Justice Court was. The District Court has jurisdiction to issue writs of injunction in all cases. DeWitt County v. Wischkemper, 95 Texas, 435; Anderson County v. Kennedy, 58 Texas, 622.

As early as 1848 it was decided in Dobbin v. Wybrants, 3 Texas, 457, that where the garnishee, after the rendition of a judgment against him, is sued by another claimant for the same debt or duty, he is entitled to have the judgment in the garnishment case enjoined and is entitled to be protected against double payment.

In Westmoreland v. Miller, 8 Texas, 168, it was held that where a judgment is obtained against a debtor as garnishee and he is afterwards sued by the original creditor, he is entitled to have the plaintiff in the garnishment made a party to the suit and to have a judgment which will protect him against being required to pay the same debt twice.

In Iglehart v. Moore, 21 Texas, 501, Judge Hemphill said: "The garnishee can not be placed by the garnishment in a worse condition than he would otherwise be, and no judgment should be rendered against a garnishee when he answers fully, unless it will be available to him as a defense against any action brought for the same debt."

In Miller v. Goodman, 15 Texas Civ. App., 244, 40 S. W., 745, it is said that a garnishee will not be doubly condemned when he by his answers makes known to the court all of the facts within his knowledge.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy from the opinion of the Court of Civil Appeals the following statement of facts:

"J. W. Flowers and others filed their petition in the District Court of Cooke County against J. W. Ross, Ancil H. Ross, Peter Brunson, and the Waples-Painter Company, a corporation, to foreclose a material-man and mechanic's lien against a certain lot owned by the defendants Ross. The defendants Ross prayed that their co-defendant, the Waples-Painter Company, should be restrained from the enforcement of a judgment recovered by it in a garnishment proceeding in a Justice's Court whereby it was sought to reach the fund amounting to fifty-two dollars and fifty cents, which the Rosses admitted they owed to the contractor, Brunson, as a balance due for the construction of a sidewalk to their lot. The cause was tried before the court, who made and filed the following findings of fact, which we adopt:

" 'On November 5th, 1909, there was filed in this cause an agreement signed by all the parties to this cause, both plaintiffs and defendants, admitting the following facts to be true:

" ' "1st: The County of Cooke owned the forty acres of land mentioned in the petition, and divided the same into blocks, lots and streets, reserving one block for court house and selling the remaining lots by deeds in the usual form and describing them by lot and block number, substantially as alleged in the petition, and the defendants, J. W. Ross and Ancil H. Ross, as tenants in common, own lot No. 4 in block No. 4 by regular chain of deeds from Cooke County, down to themselves; said J. W. Ross being a married man and said Ancil H. Ross a single man, and for several years they and their mother, as partners, under the name of A. H. Ross & Son, have been conducting a hardware business in the two-story brick building upon said lot, said forty acres when so sold having constituted the town of Gainesville, since incorporated under the general law, and now a city of about ten thousand inhabitants.

" ' "2nd: The defendant, Peter Brunson, under contract with said J. W. Ross and Ancil H. Ross, constructed a cement sidewalk in front of said building for the price and in the manner alleged in petition, and the plaintiffs furnished the labor and material used in constructing said sidewalk is alleged in petition, for the price therein stated.

" ' "3rd: There was instituted in the Justice Court of Precinct No. 1 of Cooke County, the two suits Nos. 11999 and 12000, as alleged in the petition and answer, in which suits final judgments were rendered as therein stated and no appeal was ever prosecuted from the judgment in either case, and in the garnishment suit, the defendants, J. W. Ross and Ancil H. Ross, did not request or seek to have the present plaintiffs made parties and said judgments have not been satisfied, and at the time of the filing of this suit, the Waples-Painter Co. was proceeding to enforce the judgment in the garnishment case by execution. In the answer to the garnishment and upon the trial, said J. H. Ross and Ancil H. Ross insisted that the debt could not be garnished, and that these plaintiffs had a lien upon the property."

" 'This cause was submitted to me upon said admitted facts and none others were introduced in evidence and I herewith adopt said admitted facts as my findings of fact herein.' "

"Upon these findings the trial court concluded as follows:

"1st. Plaintiff is entitled to recover judgment for the amount asked for in their petition herein against the defendant, Peter Brunson; that they are entitled to recover lien on lot No. 4, block No. 4, in city of Gainesville, Cooke County, Texas, and a foreclosure of said lien on said lot of said defendants, Ancil Ross and J. W. Ross.

"2nd. I find that the defendants, Ancil H. Ross and J. W. Ross, are entitled to an injunction against Waples-Painter Company, restraining said Waples-Painter Company from the enforcement of the judgment in the Justice Court, Precinct No. 1, in cause 12000 on the Civil Docket on said Justice Court. I find that the fact that the city has an easement in said street does not separate same from said lot so that improvements thereon will not occasion the creation of a lien on the whole lot subject to the easement right to the street.

"And that J. W. Ross and Ancil H. Ross can not be be made to pay the debt twice, because Lyon-Gray Lumber Co. were not parties to the case in the Justice Court and because that court could not by any order have defeated their right to determine the question of their lien in the District Court.

"Judgment was entered according to these conclusions and the Waples-Painter Company has appealed."

The issue between the parties in this case may be stated succinctly as follows:

J. W. Flowers and others, the plaintiffs in the court below, instituted this suit against J. W. and Ancil H. Ross, Peter Brunson and the Waples-Painter Company, as above stated, to obtain a foreclosure of a material man and mechanic's lien upon the lot described in the petition, which was owned by the Rosses, defendants below. The Rosses applied to the District Court for a writ of injunction against the Waples-Painter Company to restrain them from enforcing the judgment which they had obtained on a writ of garnishment before a justice of the peace, which garnished and appropriated the same debt for which the plaintiffs in this case prosecuted their suit and foreclosed their lien. To state the matter more definitely, the judgment obtained against the Rosses by the Waples-Painter Company in the Justice Court upon garnishment was the same debt for which the District Court foreclosed the lien in favor of Flowers and others. In the suit of Flowers and others against the Rosses, the Rosses sought and obtained an injunction in the District Court to restrain the enforcement of the judgment of the Justice Court by which the Rosses were required to pay to the Waples-Painter Company the same debt for which Flowers and others had obtained the judgment and foreclosure of a lien against the lot. The District Court having given judgment in favor of Flowers and others against the Rosses for a debt due to Flowers and others, upon which the suit was brought, a writ of injunction was granted against the enforcement of the justice's judgment, on the ground that otherwise the Rosses would be compelled to pay the debt twice.

The issue presented by the plaintiff in error is that the District Court had no jurisdiction to enjoin the enforcement of the judgment which was rendered in the Justice Court sustaining the garnishment in favor of the Waples-Painter Company against the Rosses. The statement of the case makes it manifest that if both of these judgments should be enforced the result would be, as claimed by the Rosses, that they would be compelled to pay the same debt twice, by writ of garnishment by one creditor of Brunson and the enforcement of a lien upon the property for the same debt by another creditor.

The issue presented by the evidence in this court is not the jurisdiction of the District Court to enjoin the judgment in favor of the plaintiff in error rendered in the Justice Court against the Rosses, but the power of the District Court to issue such injunction. However, it can not be invoked in this case, because the statement of the case by the plaintiff in

error shows the truth to be that in the Justice Court the Rosses contested the right of the Waples-Painter Company to garnish the debt which they, the Rosses, owed to Peter Brunson, and having been defeated in that action, they failed to prosecute an appeal therefrom to the County Court, which they might have done in order to have the errors, if any, of the justice of the peace corrected. Therefore the judgment of the justice of the peace became a final judgment and was not subject to review or to be set aside in a collateral proceeding like this. The Rosses, having failed to prosecute their defenses in the court to which they might have appealed, have no right to invoke the power of a court of equity to set aside the judgment which was rendered against them in the Justice Court, from which they failed to appeal.

It follows as a necessary conclusion of law that the judgment in favor of the Waples-Painter Company against the Rosses in the Justice Court having become thus final can not be attacked now upon grounds that existed at the time of the trial, which the Rosses failed to prosecute by an appeal to the court which had appellate jurisdiction to afford to the parties an opportunity to present their defenses, and have any error corrected.

The judgment of the justice of the peace having thus become final against the Rosses, they are not entitled to have that judgment set aside in the District Court. The District Court erred in enjoining the judgment of the justice of the peace in favor of the Waples-Painter Company. The conclusion necessarily follows that the judgment of the Court of Civil Appeals must be reversed in so far as it enjoins the enforcement of the judgment of garnishment against the Rosses, and this case be remanded to the District Court to be tried in accordance with this opinion.

### CONCURRING OPINION.

MR. JUSTICE HAWKINS delivered the following concurring opinion:

I think that the issue here relates, not to the jurisdiction or power of the District Court, but to the propriety or advisability of granting the injunction under the facts. However, I concur in the order made, reversing and remanding.

*Reversed and remanded.*